FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

2009 SEP 21 ᴾ 12: 29

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

BILL NORKUNAS, Individually,

Plaintiffs,

v.      Case No.

3:09-cv-955-J-32MCR

EQI JACKSONVILLE PARTNERSHIP, L.P., A
Foreign Limited Partnership,

Defendant.

_____/

## COMPLAINT
(Injunctive Relief Demanded)

Plaintiff, BILL NORKUNAS, Individually, on his behalf and on behalf of all other individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendant, EQI JACKSONVILLE PARTNERSHIP, L.P., A Foreign Limited Partnership, (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA") and Florida Accessability Code ("FAC").

1. Plaintiff is a Florida resident, lives in Broward County, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Plaintiff is mobility impaired and is bound to ambulate in a scooter or with other assistive devices.

2. Defendant's property, Comfort Inn Oceanfront, 1515 N. 1st St., Jacksonville Beach, FL, 32250, is located in the County of Duval.

3. Venue is properly located in the MIDDLE DISTRICT OF FLORIDA because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

4. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

5. Plaintiff has visited the property which forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and services offered to the public at the property, and to determine whether the property has been made ADA and FAC compliant. The Plaintiff has encountered architectural barriers at the subject property which discriminate against him on the basis of his disability and have endangered his safety. These barriers also prevent Plaintiff from returning to the property to enjoy the goods and services available to the public. Plaintiff is also a tester for the purpose of asserting his civil rights and monitoring, ensuring, and determining whether places of public accommodation are in compliance with the ADA and FAC.

6. Plaintiff has suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA and FAC .

7. Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104.

Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as Comfort Inn Oceanfront, 1515 N. 1st St., Jacksonville Beach, FL, 32250.

8. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA and FAC with respect to this property as described but not necessarily limited to the allegations in paragraph 10 of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit Comfort Inn Oceanfront not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA and FAC so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

9. The Defendant has discriminated against the Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the subject property, as prohibited by 42 U.S.C. § 12182 et seq.

10. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA and FAC by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of Comfort Inn Oceanfront has shown that violations exist. These violations include, but are not limited to:

**Parking and Loading Zone**

1. The required amount of compliant accessible parking spaces is not provided. [ADA Stds. 4.1.2(5ab)]

2. Each accessible parking space does not have or share an adjacent access aisle, of the required width, to allow persons who use wheelchairs, walkers or other mobility aids to transfer from their car/van. [ADA Stds. 4.1.2(5); 4.6.3]

3. The passenger loading zone does not comply with ADA Standard 4.6.6. [ADA Stds. 4.1.2(5c); 4.6.6]

### Accessible Routes

1. An accessible route is not provided within the boundary of the site from each accessible parking space and public sidewalk to an accessible entrance. [ADA Stds. 4.1.2(1); 4.3.2(1)]

2. There are doors that do not comply with ADA Standard 4.13. [ADA Stds. 4.1.3(7); 4.3.2(3); 4.3.9; 4.13]

3. At least one accessible route does not connect accessible buildings, accessible facilities, accessible elements, and accessible spaces that are on the same site. [ADA Stds. 4.3.2(2)]

4. Compliant handrails are not provided where accessible routes have slopes greater than 5%. [ADA Stds. 4.3.6; 4.3.7; 4.3.8; 4.5.2; 4.8.1; 4.8.5]

### Accessible Guestrooms and Suites

1. The minimum number of compliant accessible sleeping rooms or suites is not provided. [ADA Stds. 9.1.2]

2. The minimum number of accessible sleeping rooms or suites, with a compliant roll-in shower, is not provided. [ADA Stds. 9.1.2; 4.21; Figure 57(a)(b)]

3. The minimum number of accessible sleeping rooms or suites, with a compliant bathtub, is not provided. [ADA Stds. 9.1.2; 4.20]

4. The minimum number of sleeping accommodations for persons with hearing impairments (visual alarms, notification devices, and telephones) is not provided. [ADA Stds. 9.1.3: 9.2.2(8); 9.3.1]

5. The accessible guest rooms are not dispersed among all room types. [ADA Stds. 9.1.4]

6. At least one full accessible bathroom (i.e., one with a compliant water closet, lavatory, and bathtub or shower) is not provided. [ADA Stds. 4.1.3(11); 9.2.2(6)(e)]

7. An accessible route connecting each accessible space and element within the unit, sleeping room, or suite, is not provided. [ADA Stds. 9.2.2(2); 4.3.2(4)]

8. Each accessible guest room does not provide compliant storage space. [ADA Stds. 4.1.3(12); 4.25; 9.2.2(4)]

9. Each control and operating mechanism in accessible units, sleeping rooms, and suites does not comply with ADA standard 4.27. [ADA Stds. 9.2.2(5); 4.27]

10. Each door does not comply with ADA Standard 4.13. [ADA Stds. 4.1.3(7); 4.3.2(3); 4.3.9; 4.13; 9.2.2(3)]

11. Each accessible sleeping accommodation does not have an alarm system complying with 4.28. [ADA Stds. 9.3.1: 4.1.3(14); 4.28.4]

12. There are elements that are located higher than the maximum allowed reach ranges. [ADA Stds. 4.2.5; 4.2.6]

### Access to Goods & Services

1. There are dining areas without accessible seating. [ADA Stds. 4.1.3(18); 4.32; 5.1]

2. There are counters that are not compliant. [ADA Stds. 7.2]

3. There are permanent rooms and spaces with signage that is not compliant. [ADA Stds. 4.1.2(7); 4.1.3(16a); 4.30]

11. The discriminatory violations described in paragraph 10 are not an exclusive list of the Defendant's ADA and FAC violations. Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and FAC and all of the barriers to access. The Plaintiff, and all other

individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA and FAC violations, as set forth above. The Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA and FAC as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act and FAC.

12. Defendant has discriminated against the Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

13. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

14. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA and FAC.

15. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

16. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter Comfort Inn Oceanfront to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

a. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with

Disabilities Act, 42 U.S.C. § 12181 et seq. and FAC.

b. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA and FAC; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such stops that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Respectfully Submitted,

Thomas B. Bacon, P.A.
4868 S.W. 103rd Ave.
Cooper City, FL 33328
954-478-7811
fx 954-237-1990
tbb@thomasbaconlaw.com
Florida Bar. Id. No. 139262

By: _____
Thomas B. Bacon, Esq.